# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

## Case No. 3:23-cv-00328-jdp

---

In re:

| | |
|---|---|
| Ryan M. Johnson and | Case No. 22-11548-cjf |
| Angela Lee Johnson, | Chapter 7 |

Debtors.

---

Jonah Heyerholm,

Rita Heyerholm,

John Heyerholm,

        Plaintiffs-Appellants,

   vs.

Ryan Johnson and
Angela Johnson,

        Defendants-Appellees.

Adversary No. 22-00049-cjf

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WISCONSIN CASE NO. 22-00049
THE HONORABLE CATHERINE J. FURAY PRESIDING.

---

## DEFENDANTS-APPELLEES' BRIEF IN OPPOSITION

---

Noe J. Rincon, State Bar No. 1124893
Carrie S. Werle, State Bar No. 1088715
Attorneys for Defendants-Appellees
Krekeler Law, SC

26 Schroeder Court, Suite 300
Madison, WI 53711
608-258-8555

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………4

STATEMENT OF ISSUES……………………………………………………...7

THE STANDARD OF REVIEW……………………………………...……….....7

STATEMENT OF THE CASE…………………………………………………..8

    A. NATURE OF THE CASE …………………….…………...…………8
    B. DEFENDANTS' BOAT …………………………………..........................9
    C. BANKRUPTCY COURT DECISION ………………………….…...…10

SUMMARY OF THE ARGUMENT…………………………………………......12

ARGUMENT……………………………………………………….…….…13

    I.  The Bankruptcy Court properly defined "malicious"
       under § 523(a)(6) ……………………………………………………14

      A. Maliciousness requires a temporal element or subjective intent……14

      B. The Bankruptcy Court reconciled "conscious disregard" within
          "maliciousness"………………………………………………….…17

    II. The Conclusions of Law drawn by the Bankruptcy Court regarding §
    523(a)(6) will not
    change……………………………………………………….…..22

      A. The Bankruptcy Court properly applied a subjective intent
         to "malicious" while improperly applying an objective intent to
         "willful" ……………………………………………………….22

      B. The facts found by the Bankruptcy Court neither establish willful or
         malicious conduct under § 523(a)(6)……………………………..30

CONCLUSION……………………………………….…………………………..32

CERTIFICATION OF WORD/PAGE COUNT…………..…………………...34

# TABLE OF AUTHORITIES

**<u>Cases:</u>**

*Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) ............................................8

*Auric v. Continental Cas. Co.*, 111 Wis. 2d 507, 516, 331 N.W.2d 325 (1983)….21

*Bukowski v. Patel*, 266 B.R. 838, 843 (E.D. Wis. 2001)…………………………25

*Carillo v. Su (In re Su)*, 290 F.3d 1140, 1145-1146 (9th Cir. 2002) .....................26

*DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship*,

2004 WI 92, ¶ 54, 273 Wis. 2d 577, 601, 682 N.W.2d 839, 851…...……...….…32

*First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 774-75 (7th Cir. 2013).....26, 29

*Fischer v. Scarborough*, supra, 171 F.3d at 643…………………………….……18

*Gerard v. Gerard,* 780 F.3d 806, 811 (7th Cir. 2015)..............................................24

*Goldberg Secs., Inc. v. Scarlata (In re Scarlata),* 979 F.2d 521, 524

(7th Cir. 1992) …………………………………………………………………29

*Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654 (1991)……………………29

*Grossman v. Sawdy,* 384 B.R. 199, 201 (E.D. Wis. 2008)....................................21

*Harris N.A. v. Gunsteen (In re Gunsteen),* 487 B.R. 887, 899 (Bankr. N.D. Ill.

2013)……………………………………………………………………………29

*Indus. Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, 299 Wis. 2d 81, 726

N.W.2d 898……………………………………………………………………..8

*In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997) ..................................................18

*In re Bressler*, 387 B.R. 446, 455 (Bankr. S.D.N.Y. 2008)....................................17

*In re Cardillo*, 39 B.R. 548, 550 (Bankr. D. Mass. 1984).......................................14

*In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998)………………………..…29

*In re Fairfield Sentry Ltd.,* 458 B.R. 665, 674 (S.D.N.Y. 2011).............................7

*In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992).......................................................8

*In re McCarthy*, 179 B.R. 876, 880 (Bankr. N.D. Ill. 1995)...................................17

*In re McFarland*, 84 F.3d 943, 946 (7th Cir. 1996)………………………………29

*In re Pasek*, 983 F.2d 1524, 1528 (10th Cir. 1993)................................................13

*In re Posta*, 866 F.2d 364, 367 (10th Cir. 1989)....................................................14

*In re Reed*, 542 B.R. 808, 831 (Bankr. N.D. Ill. 2015)................................24, 25, 26

*In re Stanley*, 66 F.3d 664, 668 (4th Cir. 1995)................................................14, 15

*In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994)......................................7,11,14-15,20

*In re Young*, 428 B.R. 804, 818 (Bankr. N.D. Ind. 2010)................................14, 17

*Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 323 (7th Cir. 2012)....................18, 19, 24

*Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859, 863 (1991)........................................................................................................................8

*Johnson v. Miera*, 926 F.2d 741, 743-44 (8th Cir. 1991).......................................18

*Kawaauhau v. Geiger*, 523 U.S. 57 (1998).......................................................passim

*Kelly v. Herrell (In re Kelly),* 392 B.R. 750, 755 (W.D. Wis. 2007)………………7

*Lazaro v. Weichman (In re Weichman)*, 422 B.R. 143 (Bankr. N.D. Ind. 2010)....14

*Loy v. Bunderson*, 107 Wis.2d 400, 414–15, 320 N.W.2d 175 (1982)....................8

*Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir. 1994)……………….……………29

*Mungo v. Taylor*, 355 F.3d 969, 979 (7th Cir. 2004)................................................8

*Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010)......................................21

*Petralia v. Jercich*, 238 F.3d 1202, 1208-09 (9th Cir. 2001)............................18, 26

*State v. Carpenter*, 85 Idaho 232, 378 P.2d 188 (1963)..........................................17

*State v. Consaul*, 332 P.3d 850, 857 (N.M. 2014)..................................................17

*United States v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S. Ct. 560 (1924)…………………………………………………………………………...21

*Viener v. Jacobs (In re Jacobs),* 381 B.R. 128, 139 (Bankr. E.D. Pa. 2008)..........17

*Wellpoint, Inc. v. Comm'r*, 599 F.3d 641, 650 (7th Cir. 2010)……………………21

*Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)...................................13, 14

**Statutes and Code Provisions:**

11 U.S.C. § 523(a)(6) …………………………………….………………….passim

28 U.S.C. §§ 158(a)(1), 1334 …………………………………..…………….7

## STATEMENT OF ISSUES

1. The party seeking to establish an exception to the dischargeability of a debt bears the burden of proving by a preponderance of the evidence that the debt meets the statutory exception requirements. *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir. 1994). Did the Bankruptcy Court err in ruling that Plaintiffs failed to meet their burden of proof to prove malicious conduct under U.S.C. § 523(a)(6)?

2. Did the Bankruptcy Court correctly rule that to be "malicious" under 11 U.S.C. § 523(a)(6), a Defendant must have "conscious disregard," i.e., subjective knowledge, of the wrongful conduct at issue?

## STANDARD OF REVIEW

District courts may exercise appellate jurisdiction over final bankruptcy court orders. See 28 U.S.C. §§ 158(a)(1), 1334. In its review of bankruptcy court decisions, the district court "sits as an appellate court." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011). In a bankruptcy appeal, issues of law are

reviewed de novo; factual findings may be set aside only if they are clearly erroneous. *Kelly v. Herrell (In re Kelly),* 392 B.R. 750, 755 (W.D. Wis. 2007).

"Under the clearly erroneous standard, if the bankruptcy court's factual findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if it would have weighed the evidence differently." *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004) (citing *Matter of Love*, 957 F.2d 1350, 1354 (7th Cir. 1992)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985).

"A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis.2d 400, 414–15, 320 N.W.2d 175 (1982)." *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859, 863 (1991), overruled in part on other grounds by *Indus. Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, 299 Wis. 2d 81, 726 N.W.2d 898 (Wis. 2007).

## STATEMENT OF THE CASE

### A. Nature of the case

Plaintiff Jonah Heyerholm ("Jonah") was involved in a boating accident on the Defendants Ryan and Angela Johnson's (collectively "Defendants") boat. The Defendants owned a motorboat. They used the motorboat for approximately three (3) years to engage in recreational activities with family and friends. Jonah had been on the Defendants' boat numerous times. Jonah was unfortunately injured behind the boat during one of those times.  The other Plaintiffs, John and Rita Heyerholm, Plaintiff Jonah's parents, and commenced and joined Jonah in this action against Defendants under 11 U.S.C. § 523(a)(6).

### B. Defendants' Boat

The Plaintiffs repeatedly alleged that the Defendants' boat was defective. The Plaintiffs' allegations were based on the Defendants' answers regarding the boat's mechanical fitness. However, the Defendants' answers were not inconsistent; rather, the Defendants further explained what the Defendants and Plaintiff Jonah experienced on the boat.

On May 11, 2023, Plaintiff Jonah testified at trial (Dkt. 44, pp. 17-18; A. App. 48-49) that he had been on Defendants' boat five to six times previously and had never experienced any instances where the boat had a transmission issue. Officer Jepsen, the police officer called to the scene after the accident, never witnessed the

accident or performed an inspection of the boat after the accident. (Dkt. 44, pp. 42-43; A.App. 73-74). Defendant Ryan Johnson ("Defendant Ryan") testified that he regularly performed basic maintenance on the boat and fixed the boat's engine idle early into his ownership. (Dkt. 44, pp. 60-61; A.App. 91-92). Defendant Ryan further testified that when he first purchased the boat, the idle was at approximately 950 RPMS instead of the recommended 650 RPMS. (Id). Defendant Ryan adjusted the idle to allow the propellor ("Prop") to fully disengage. (Id). Defendant Ryan stated that "ratcheting" occurs when the engine runs at an RPM over 650 and that the Prop will not engage if shifted into the forward or reverse gear. (Dkt. 44, pp. 62; A.App. 93). Defendant Ryan further testified that the Prop would continue spinning if the boat deaccelerated or slowed down too quickly, which he believed to be an issue common to all boats. (Dkt. 44, pp. 62, 67-68; A.App. 93, 98-99).

Both, Plaintiff Jonah and Defendant Ryan, testified that the boat had never previously "got stuck in reverse." The Bankruptcy Court found the Defendants' testimony credible regarding the absence of past mechanical faults such as the fault that led to Plaintiff Jonah's injuries. (Dkt. 44, p. 125; A.App. 135). While the Defendants' accounts vary between documents, they affirmed their statements as the condition of the boat. The Plaintiffs never requested that the boat be evaluated by a mechanic for transmission issues.

**C. The Bankruptcy Court decision**

The Bankruptcy Court reviewed the elements under § 523(a)(6) after all witness had been called and closing statements presented. The parties all conceded that under section 523(a)(6) that an injury had happened, and the analysis would focus on "willful" and "malicious."

First, the Bankruptcy Court reviewed the Defendants' conduct under the "willful" prong of § 523(a)(6). The Court concluded that the Plaintiffs demonstrated the Defendants' "willful[ness]" through an objective "substantially certain to result in injury" standard. (Dkt. 44, p. 119; A.App. 129).  The Bankruptcy Court interpreted the Seventh Circuit's post-*Geiger* instruction to not necessarily require an intentional act. (Dkt. 44, p. 119; A.App. 129). The Bankruptcy found that willful can occur without an intentional act. (Dkt. 44, p. 119; A.App. 129).  The Defendants believe this interpretation of Seventh Circuit cases is misguided.

Next, the Bankruptcy Court turned to the "malicious" prong of § 523(a)(6). The Court recited the standard from *Thirtyacre*[1], where the "debtor act[s] in conscious disregard of [the] debtor's duties or without just cause or excuse but does not require ill will or specific intent to create harm." (Dkt. 44, p. 119; A.App. 129). The Bankruptcy Court interpreted that to mean that, "I did something knowing it was highly likely injury would result from my act. (Dkt. 44, p. 120; A.App. 130).  The Bankruptcy Court, reviewing the evidence, reasoned that the Defendants did not

---

[1] *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994)

intend to cause Plaintiff Jonah's injuries. (Dkt. 44, p. 120; A.App. 130). However, the Bankruptcy Court concluded that knowledge of the boat's potential issues, even if none were apparent or had occurred, was sufficient to establish a substantial likelihood that injury would occur. (Dkt. 44, p. 123; A.App.133).

The Bankruptcy Court then concluded that an act is "malicious" under § 523(a)(6) if done knowingly and if it is highly likely that injury is to result from the act. (Dkt. 44, p. 123; A.App. 133). Based on the Defendants' testimony, the Bankruptcy Court found that the Defendants had no knowledge of the kinds of issues the boat could cause given the watersports that the Defendants engaged in with family and friends. (Dkt. 44, p. 123; A.App. 133). In the absence of any of the requisite knowledge or inclination towards knowledge, the Court found that the Plaintiffs failed to meet their burden of proof to demonstrate maliciousness and that the case would be dismissed. (Dkt. 44, pp. 125-126; A.App. 135-136).

## SUUMARY OF ARGUMENT

The Bankruptcy Court correctly found that Plaintiffs did not meet their burden of proof for maliciousness and dismissed the complaint. However, the Bankruptcy Court should have solely identified the need for subjective knowledge to find maliciousness when it articulated the standard for maliciousness under § 523(a)(6). Maliciousness requires the debtor to act with "conscious disregard." To act with "conscious disregard," the debtor must have subjective knowledge that their

actions were highly likely to result in injury. (Dkt. 44, pp. 123-124; A.App. 133-134).

Defendants posit that even if the Bankruptcy Court applied an undefined temporal element to maliciousness that the determination that Defendants were not malicious would be upheld due to the inherently subjective element prescribed by the Seventh Circuit for maliciousness. Plaintiffs improperly continue to impute knowledge on the Defendants regarding the safety of the boat without establishing a basis for that knowledge. Defendants have consistently testified that they did not believe the boat was unsafe as evidenced by their repeated use and activities.

Upon this Court's de novo review of the Bankruptcy Court's conclusions of law, the dismissal will further be affirmed as the Bankruptcy Court applied an erroneous objective intent to determine that Defendants' conduct was willful under § 523(a)(6). Defendants maintain that in order to prevail on a determination of willful there must be a subjective intent to cause injury or subjective knowledge that injury is substantially likely to occur – which in this case does not apply to the factual determinations of the Bankruptcy Court.

## ARGUMENT

## I. The Bankruptcy Court properly defined "malicious" under 523(a)(6).

### A. Maliciousness requires a temporal element or subjective intent.

The Bankruptcy Court properly defined malicious under § 523(a)(6) of the Bankruptcy Code as requiring a subjective element of knowledge or intent. Whether an actor behaved willfully and maliciously is ultimately a question of fact reserved for the trier of fact. *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986); see also *In re Pasek*, 983 F.2d 1524, 1528 (10th Cir. 1993).

"Maliciousness" within the meaning of 11 U.S.C.S. § 523(a)(6) means in conscious disregard of one's duties or without just cause or excuse; it does not require ill will or a specific intent to do harm. *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994) (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986)).

Other circuits have clarified the applicable "malicious" standard for § 523(a)(6). The Tenth Circuit has held that a debtor's actions are not automatically labeled malicious simply because they are wrongful. *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989). The Fourth Circuit has also required that there "must be a consciousness of wrongdoing." *In re Stanley*, 66 F.3d 664, 668 (4th Cir.1995). "It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(6)." *Posta*, 866 F.2d at 367; *In re Cardillo*, 39 B.R. 548, 550 (Bankr.D.Mass.1984) *cited by Lazaro v. Weichman (In re Weichman)*, 2010 Bankr. LEXIS 3354, at *53 (Bankr. N.D. Ind. Sept. 30, 2010).

Although the Seventh Circuit has not squarely defined these terms, it has addressed some of the underlying principles and language of the standard. Without

14

consciousness there can be no "conscious disregard of one's duties," *Thirtyacre*, 36 F.3d at 700, only an "unconscious one". The very phrase "conscious disregard" inherently conveys a subjective intent. "It is the knowledge of wrongdoing and the absence of excuse that defines malicious behavior for purposes of section 523(a)(6)". *Centier Bank v. Young (In re Young)*, 428 B.R. 804, 818 (Bankr. N.D. Ind. 2010). The Bankruptcy Court correctly identified that there was a temporal element to "malicious" that roughly equated to the understanding of a specific act, or a degree of awareness of the risks associated with the act. (Dkt. 44, p. 123; A.App. 133). The Bankruptcy Court determined that the debtor must know that by engaging in an act that it was highly likely to result in injury. (Dkt. 44, p. 124; A.App. 134).

In this case, the Bankruptcy Court declared that to satisfy the element of malicious, the Defendants must have known that pulling a wakeboarder behind the Defendants' boat, which purportedly had a defective transmission, was highly likely to cause an injury. (Dkt. 44, p. 124; A.App. 134). Favoring the Defendants' testimony, the Bankruptcy Court emphasized the fact that the Defendants' daughter was preparing to enter the water after Jonah. (Dkt. 44, p. 124; A.App. 134). The Bankruptcy Court rationalized that had the Defendants known that it was highly likely a person, including Jonah and the Defendants' daughter, would be injured by wakeboarding behind their boat, the Defendants would not have engaged in the activity. (Dkt. 44, p. 124; A.App. 134).

This "temporal" aspect parallels the Defendants' subjective awareness. Although maliciousness does not require "ill will or specific intent to harm," it does require the Defendants to consciously engage in a highly risky activity and to disregard the risk so as to allow harm – i.e., the "consciousness of wrongdoing." *In re Stanley*, 66 F.3d 664, 668 (4th Cir.1995). The clear interpretation of "consciousness of wrongdoing" this is that in order to be malicious, Defendants would need to know – not would a reasonable person know – but the Defendants in this case – must know that an injury was highly likely to occur.

The Plaintiffs need to prove that the Defendants were aware that the Defendants' boat was dangerous, and the Defendants nevertheless engaged in activities that were highly likely to injure someone. Plaintiffs did not present facts of Defendants' knowledge of any such danger. Plaintiffs did not allude to facts that the Defendants knew of the risk to Jonah, disregarded it, and continued to expose him to risk. The Defendants' testimony reiterated that they would never have put anyone, especially themselves and family, behind the boat had they believed, much less known, that injuries like Jonah's were highly likely to occur.

Plaintiffs have not presented any evidence or testimony that has shown that there was any understanding or knowledge by the Defendants that the boat was dangerous and highly likely to result in injury. Defendants testified that they thought any issue with the boat was corrected by lowering the idle and any other "issues"

were normal with boating. Defendants had no consciousness of wrongdoing. Plaintiffs have failed to establish any subjective intent on behalf of Defendants that would meet the standard for maliciousness under § 523(a)(6).

**B. The Bankruptcy Court reconciled "conscious disregard" in relation to "maliciousness."**

Plaintiffs have interpreted the Bankruptcy Court's phrasing to be a confused interpretation of maliciousness and that the wrong definition was applied. (App. Brief pp. 28-29). Plaintiffs additionally argue that the Bankruptcy Court erred in construing a "high likelihood" as different from "substantial certainty." (App. Brief p. 26). The Defendants contend that the wording of the Bankruptcy Court was an iteration of "conscious disregard." Plaintiffs are merely trying to split hairs where the Bankruptcy Court was clear in how it was applying "high likelihood of injury."

"[I]t has been observed that it is necessary for courts to determine malice on the totality of the circumstances because "there has been surprisingly little judicial and scholarly commentary discussing the degree or nature of 'wrongfulness' that constitutes 'malice' under section 523(a)(6)." *In re Bressler*, 387 B.R. 446, 455 (Bankr. S.D.N.Y. 2008) (quoting *Viener v. Jacobs (In re Jacobs),* 381 B.R. 128, 139 (Bankr. E.D. Pa. 2008)). The "key to maliciousness under § 523(a)(6)" is consciousness of wrongdoing. See *In re Young*, 428 B.R. 804, 818 (Bankr. N.D. Ind. 2010); *In re McCarthy*, 179 B.R. 876, 880 (Bankr. N.D. Ill. 1995).

The use of "consciousness" could lead to many different determinations of what constitutes "malicious" under § 523(a)(6). Different courts have defined conscious disregard as: "the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." *State v. Consaul*, 332 P.3d 850, 857 (N.M. 2014); *see also State v. Carpenter*, 378 P.2d 188, 190 (Idaho 1963) ("the defendant [being] aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences.").

The caselaw suggest that a debtor must be aware of their actions and of the likelihood those actions are to cause an injury to another party. If a debtor does not realize the risk, then any action taken would be considered more akin to naïve ignorance. In *Jendusa-Nicolai v. Larsen,* the Seventh Circuit looked to a variety of different cases pertaining to the definitions of "malicious," citing that "conduct is malicious only if it is certain or almost certain...to cause harm." *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 323 (7th Cir. 2012) (quoting *Fischer v. Scarborough*, supra, 171 F.3d at 643, quoting *Johnson v. Miera*, 926 F.2d 741, 743-44 (8th Cir. 1991).

The *Jendusa-Nicolai* court also cited a Ninth Circuit precedent that extrapolated that "malicious involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *Id.* quoting (*Petralia v. Jercich*, 238 F.3d 1202, 1208-09 (9th Cir. 2001)) (emphasis in

original), (quoting *In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997)) (en banc). The Court noted semantic confusion between the circuits but posited that "all courts would agree that a willful and malicious injury...is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa-Nicolai,* 677 F. 3d at 323.

Given the vague nature of "conscious disregard" and the varied ties to subjective intent – a court could reasonably conclude that "maliciousness" means that the debtor knew of the highly likely risk of harm and despite this knowledge, failed to act to prevent the injury. The facts presented to the Bankruptcy Court do not indicate that the Defendants had any knowledge or awareness of a wrongdoing or potential for harm. The Bankruptcy Court upon hearing testimony by both Defendants found it credible that neither Defendant knew or thought that an injury would occur as they would not put anyone, especially their own daughter, at risk. (Dkt. 44, pp. 124-125; A.App. 134-135). Nothing in the record substantiates any claim that Defendants chose to disregard the risk of injury or acted without legal justification. There is testimony as to issues with the boat that Defendant Ryan believed were minor issues consistent with deacceleration of a boat and he thought he had corrected by adjusting the idle (Dkt. 44, pp. 71-72; A.App. 102-103). Plaintiffs do not dispute that there was no specific intent or desire by Defendants to

injure Plaintiff Jonah. The factual record does not show that the Defendants acted without legal justification or that the Defendants knew injury was highly likely to occur given that the boat had never shifted into reverse gear from forward gear before. Plaintiffs only continue to push forth an argument based on the objective person standard in negligence actions.

The interpretations of "maliciousness" for §523(a)(6) share one common element: a subjective or temporal intent. Maliciousness under the *Thirtyacre* definition does not require an intent to inflict injury like willful, but rather a subjective knowledge by the debtor of the risk of injury. The clear language indicates a subjective intent or temporal knowledge of the risk. This is where Plaintiffs argument is misguided over the phrase "highly likely to result in injury" and temporal element. The Bankruptcy Court interpreted a "conscious disregard" as the Defendants having knowledge that the risk of injury was highly likely and subsequently disregarding that risk. It is more than negligent and reckless – it is intentional insofar as any debtor would continue to engage in an activity that has such a high risk of injury. There can be no justifiable reason if a debtor knew that injury was a "highly likely" result to continue to engage in that activity without it being deemed "malicious" under § 523(a)(6). Defendants had no idea of the risk of using their boat. They used the boat for three years, partaking in all kinds of activities, predominately with their children behind the boat. The basis of Plaintiffs'

claim is negligence, not malice; which is not the standard to deny a discharge under § 523(a)(6). The Bankruptcy Court correctly concluded that the Defendants did not know of the risk and given their activities would not knowingly put another in risk of harm if they knew. Therefore, the Bankruptcy Court correctly applied a temporal and subjective element of "highly likely" in relation to "conscious disregard" to determine maliciousness under § 523(a)(6).

## II.     The Conclusions of Law under § 523(a)(6) Will Not Change Upon De Novo Review

### A. The Bankruptcy Court properly applied a subjective intent to "malicious" while improperly applying an objective intent to "willful".

"When considering an appeal from the bankruptcy court's judgment, a district court applies two standards of review: one for findings of fact and the other for conclusions of law." *Grossman v. Sawdy,* 384 B.R. 199, 201 (E.D. Wis. 2008). "The district court reviews the bankruptcy court's findings of fact for clear error whereas conclusions of law are reviewed de novo." *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir.2010). A respondent may raise an issue without filing a cross-appeal where the error raised, if corrected, would sustain the judgment. *Auric v. Continental Cas. Co*., 111 Wis. 2d 507, 516, 331 N.W.2d 325 (1983). "[T]he appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the

lower court or an insistence upon matter overlooked or ignored by it." *United States v. American Railway Express Co*., 265 U.S. 425, 435, 44 S. Ct. 560, 68 L. Ed. 1087 (1924) cited by *Wellpoint, Inc. v. Comm'r*, 599 F.3d 641, 650 (7th Cir. 2010).

If this Court were to determine that an incorrect definition of "malicious" was applied to the facts of the case, it would not alter the outcome of the Bankruptcy Court. Upon a de novo review of the conclusions of law it can be determined that the facts present do not meet the standard for "willful" and "malicious" under the definition of § 523(a)(6).

In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L. Ed. 2d 90 (1998), the Supreme Court undertook the task to resolve the interpretation of "willful" under § 523(a)(6) to see if acts done intentionally, that cause injury, are covered under willful, or whether acts only done with actual intent to cause injury are relevant. As in *Geiger,* there are no facts in this case that indicate the Defendants intended to cause any harm to the Plaintiffs.

The Supreme Court applied its definition of "willful" as:

> The word "willful" in (a)(6) modifies the word "injury", indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend

"the consequences of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964) (emphasis added).

*Geiger,* 523 U.S. at 62.

The Bankruptcy Court explained that "willful" can be found in several ways, such as, "[i]t can be found because the motive was really to inflict an injury. Or it can be found if the action is substantially certain to result in injury." (Dkt. 44, p. 119; A.App. 129). The Bankruptcy Court determined, after hearing the evidence, that there was no intent to cause any injury to Plaintiff, Jonah. (Dkt. 44, p. 120; A.App. 130). The Bankruptcy Court turned to the question of "whether an injury is substantially certain to happen if this boat was operated, and there was a person behind the boat[;] as noted, there [was] evidence the boat had transmission problems." (Dkt. 44, p. 121; A.App. 131). The testimony at trial showed that there could have been some issues with the boat, such as the propellors rotating while in the neutral gear, gear slipping, and ratcheting into gear, which could have created a substantial likelihood of injury. (Dkt. 44, pp. 122-123; A.App. 132-133). The Bankruptcy Court's emphasized that "the boat could cause or create injury" (emphasis added), rather than the Defendants causing the harm. This focus on the boat does not account for any intent or knowledge by Defendants, only that there was an intentional act of operating the boat.

This analysis by the Bankruptcy Court interjected an objective intent to "substantially certain"; one more akin to the reasonable person standard in

negligence actions. "For the purposes of subsection (a)(6), willfulness entails a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Gerard v. Gerard,* 780 F.3d 806, 811 (7th Cir. 2015) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L. Ed. 2d 90 (1998). "An injury is willful within the meaning of section 523(a)(6) only if intended; if it's the result but not the intended result of an intentional act, the debt arising from the injury is dischargeable . . ." *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 322 (7th Cir. 2012) (internal citation omitted).

To determine if an injury is "willful" courts must look at the subjective intent of the debtor. It would create opposing results to determine that there are two available tests to determine "willful" under § 523(a)(6) where one test requires a subjective intent of the individual and the other requires an objective review of the facts.  "A debt attributable to negligent or reckless conduct" does not fall within the terms of Section 523(a)(6). *Geiger*, 523 U.S. at 59-60. Allowing an objective analysis of "substantially certain" would encourage the trier of fact find many reckless and negligent acts as substantially certain to occur. This is the very result the Supreme Court was trying to avoid with its ruling in *Geiger.*

The bankruptcy court in *In re Reed*, 542 B.R. 808, 831 (Bankr. N.D. Ill. 2015) concluded that to be "substantially certain" under §523(a)(6) a debtor who should have known that his or her actions would result in injury would be liable. The

Supreme Court in *Geiger* carefully explained "willful" to prevent the inference of intent in every cause of action that tacitly related to an act – such as a car accident caused by the making of a left-hand turn without checking oncoming traffic – as being "willful" in its creation of harm. *Geiger,* 523 U.S. at 62. An argument could be made that if an individual is not paying attention to traffic and makes a left-hand turn that it is substantially certain to cause injury, especially depending on time and on-coming traffic patterns.

Herein lies the danger of imposing an objective intent analysis to "willful." Objective intent will encompass injuries resulting from reckless and negligent action as the trier of fact utilizes hindsight to determine that those actions were "substantially certain" to result in harm. The *Geiger* Court precluded injuries arising from negligently and recklessly inflicted injuries from the scope of § 523(a)(6), since these injuries would clash with the subjective test for "willful" under § 523(a)(6)

Plaintiffs' whole argument rests on the assertion that there was an intentional act by Defendants, and it resulted in harm to Plaintiff, Jonah. The *Reed* court held that intent is a required element under § 523(a)(6). *Reed*, 542 B.R. 808, 831 (Bankr. N.D. Ill. 2015). The court in *Bukowksi v. Patel* noted that "the Supreme Court's reliance on the Restatement (Second) of Torts § 8A (1964) indicates that intent would include circumstances where the debtor has subjective knowledge that injury

is substantially certain to result." *Bukowski v. Patel*, 266 B.R. 838, 843 (E.D. Wis. 2001).

The Ninth Circuit held in *Petralia v. Jercich* that the "willful" injury requirement of § 523(a)(6) is met "when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, cert. denied, 533 U.S. 930, 1208, 121 S. Ct. 2552, 150 L. Ed. 2d 718 (2001). The 9th Circuit in *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1145-1146 (9th Cir. 2002) reiterated that the willful standard under 523(a)(6) requires a subjective, as opposed to an objective, approach. The 9th Circuit concluded that any interpretation using an objective standard instead of subjective standard would:

> ". . . expand the scope of nondischargeable debt under § 523(a)(6) far beyond what Congress intended.  By its very terms, the objective standard disregards the particular debtor's state of mind and considers whether an objective, reasonable person would have known that the actions in question were substantially certain to injure the creditor. In its application, this standard looks very much like the 'reckless disregard' standard used in negligence. . . The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain.

> *Carillo,* 290 F.3d at 1145-1146.

Interpreting culpability under *Horsfall* "substantially certain to result in injury" standard, the court in *Reed* held that a "debtor who should have known that

his or her actions would result in injury would be liable." *Reed,* 542 B.R. at 831

quoting (*First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 774-75 (7th Cir. 2013)).

There is nothing in the record that indicates Defendants knew or should have known

that taking the boat out would result in Plaintiff's injury. Defendant, Ryan Johnson,

testified that he performed the regular maintenance and adjusted the idle on the boat

to resolve an issue early on (Dkt. 44, pp. 62-65; A.App. 93-96). Defendant Ryan

Johnson additionally testified that they had the boat for three years and regularly

took his family waterskiing, wakeboarding, tubing, and other activities that involved

an individual being in the water and behind the boat. (Dkt. 44, pp. 65-67; A.App.

96-98). Testimony further indicated that there had never been an issue where the

boat went in reverse spontaneously. (Dkt. 44, pp. 62-65; A.App. 93-96). Defendant

Ryan Johnson testified that upon his repair of the idle he believed that he had fixed

any issues with the boat. (Dkt. 44, p. 72; A.App. 103). Defendant, Angela Johnson,

testified that prior to the accident, her daughter was getting ready to go in the water

after Plaintiff finished wakeboarding on the day of the accident. (Dkt. 44, pp. 81-82;

A.App. 112-113).

The Bankruptcy Court found this testimony pertaining to the Defendants'

boating activities credible. (Dkt. 44, pp. 122-123; A.App. 132-133). The caselaw's

examples and articulation of the appropriate rule and its principles, reflect no

indication of any subjective knowledge by Defendants that their use of the boat

would be substantially certain to result in injury. Defendants also testified that they partook in activities behind the boat by the propellor. (Dkt. 44, pp. 65-67; A.App. 96-98). There was no testimony that Defendants intended to injure Jonah, nor intended him to be injured. Defendants are parents themselves; it would be unreasonable for the Bankruptcy Court to assume that the Defendants would knowingly put their own child at risk of harm, much less the child of another. Plaintiffs have not made that assertion and it was established by the Bankruptcy Court that "the evidence is clear, there was not an intent in any way to cause an injury to Jonah." (Dkt. 44, p. 120; A.App. 130).

However, Bankruptcy Court's accurate judgment does not necessary stand on accurate grounds. In its reasoning, the Bankruptcy Court applied a quasi-reasonable person standard:

> "A rotating propellor, whether the boat is in forward, neutral, or reverse, to any reasonable person, would be substantially likely to create the risk of injury to anyone who is behind the boat. And that is the case, even if the boat doesn't go into reverse accidentally or unintentionally, as occurred here. If a boat is drifting and those propellors are turning, and there's somebody behind the boat, even, if it's not in reverse, there is a substantial likelihood that the person behind the boat is going to be injured." (Dkt. 44, p. 122; A.App. 132).

Rather, had the subjective standard been applied to the facts, the Bankruptcy Court's would have more accurately concluded that the Defendants did not act "willfully" to cause injury. Even conceding that to operate a boat is to intentionally

act in a way to cause injury, such act would amount to negligent or reckless conduct, but not "willful" conduct under *Geiger*.

## B. The facts found by the Bankruptcy Court do not establish willful or malicious under § 523(a)(6)

Had the Bankruptcy Court applied the standards set out by the Supreme Court, the Seventh Circuit and its sister circuits, the Bankruptcy Court would have be unable to find the requisite willful or malicious conduct to cause injury under § 523(a)(6).

The party seeking to establish an exception to the dischargeability of a debt bears the burden of proof. *Goldberg Secs., Inc. v. Scarlata (In re Scarlata),* 979 F.2d 521, 524 (7th Cir. 1992); *Harris N.A. v. Gunsteen (In re Gunsteen),* 487 B.R. 887, 899 (Bankr. N.D. Ill. 2013). A creditor must meet this burden by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); see also *In re McFarland*, 84 F.3d 943, 946 (7th Cir. 1996). To further the policy of providing a debtor a fresh start, exceptions to the dischargeability of a debt are to be construed strictly against a creditor and liberally in favor of a debtor. See *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998); *Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir. 1994). The facts in this case do not establish a willful or malicious injury to establish an exception to dischargeability.

Plaintiffs had the burden of establishing a willful and malicious injury under § 523(a)(6). Plaintiffs bear the burden of proving three (3) elements: (1) injury, (2) willful, and (3) malicious. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013). The first prong of injury is not disputed by Defendants. Defendants acknowledge there was an injury to Plaintiff Jonah. However, Plaintiffs did not meet their burden of proof for malicious and Defendants insist that there was an error in the applicable standard for willful as Plaintiffs have not met the burden under the Seventh Circuits standard post-*Geiger*.

"Willfulness requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). The Defendants submit that the Bankruptcy Court wrongfully found that the Defendants acted willfully, as the facts do not suggest an intent to injure or knowledge that their boating activity would be substantially certain to result in injury. The intentional act of using boat and leaving the boat in its neutral gear is what is at issue. Defendant Ryan Johnson tried to move the boat away from Jonah as it drifted closer and Defendant Angela Johnson risked her own safety by jumping into the water to help. The Bankruptcy Court correctly concluded there was no intent to injure or knowledge that Defendants were engaging in an act that would be highly likely to injure Plaintiff. Under the Bankruptcy Court's

conclusion, the actions of Defendants do not rise to willful under the scope of § 523(a)(6).

Plaintiffs present a strained claim that the Bankruptcy Court erred in determining that the Defendants' actions were malicious by attempting to claim the Bankruptcy Court erred in applying the facts to the standard of malicious. (App. Brief pp. 29-30). Plaintiffs argue that the facts show that Defendants actions were in conscious disregard because the Bankruptcy Court agreed that there were issues with the boat's transmission. (App. Brief pp. 30-31). Plaintiffs inaccurately state that Defendants had knowledge of the boat's transmission issues, which is Plaintiff's interpretation of Defendants' testimony – not their actual testimony. (App. Brief, p. 31). Defendants did not have knowledge that there was a transmission issue, Defendants thought there were some minor issues that were normal to boat operations and that the issue with RPMS was corrected to resolve the ratcheting. Defendants lack of liability insurance has no bearing on their subjective intent.

Whether there is a difference between "highly likely" or "substantially certain" is irrelevant when the computation for maliciousness requires a subjective knowledge of the wrongdoing. Defendants did not have any knowledge of the risk of injury and chose to proceed anyways. Defendants were so horrified by the tragic accident that they never used the boat again. (Dkt. 44, p. 58; A.App. 89). Plaintiffs attempt to improperly spin the Bankruptcy Courts finding of facts to state that

Defendants knew the boat had transmission issues that could cause it to move forward or backward, or not at all. (App. Brief p. 34). This is not Defendants' testimony. Defendants testified that an incident like the day of the accident had never happened before. (Dkt. 44, p. 67; A.App. 98). Plaintiffs misconstruing the facts do not change that the Bankruptcy Court found that Defendants lack any subjective or consciousness of their wrongdoing. To consciously disregard an action means there had to have been knowledge of the risk which is not in the facts and was not found from Defendants' testimony. Defendant Ryan testified it would be impractical to ever use a boat that would potentially go into reverse when put in forward. (Dkt. 44, p.67; A.App. 98).

Plaintiffs have not met their burden of proving maliciousness. The Bankruptcy Court correctly found that the facts do not indicate any subjective intent or conscious disregard of a risk. The argument over "highly likely" or "substantially certain" has ultimately no bearing on the malicious determination based on the facts presented. The Bankruptcy Court correctly ruled that Plaintiffs did not meet their burden of proof for malicious.

## CONCLUSION

The Bankruptcy Court properly dismissed Plaintiffs' Complaint under § 523(a)(6) as Plaintiffs did not meet their burden of proof in proving maliciousness.

The Bankruptcy Court's application of facts to the standard of law for maliciousness under §523(a)(6) should be upheld. The exercise of discretion by the Bankruptcy Court should be upheld as the court examined the relevant facts, applied a proper standard of law, and using a demonstrated rational process, arrived at a conclusion that a reasonable judge could reach. *DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship*, 2004 WI 92, ¶ 54, 273 Wis. 2d 577, 601, 682 N.W.2d 839, 851. Defendants maintain that the Bankruptcy Court erred in applying an objective standard to willful and finding Defendants were willful under §523(a)(6); however, Defendants concur with the end result of dismissal and conclusion that the debt owed to Plaintiffs is discharged in their Chapter 7 bankruptcy.

WHEREFORE, Defendants, Ryan and Angela Johnson, respectfully request this Court uphold the decision of the Bankruptcy Court and find the debt dischargeable.

Dated this 25th day of August 2023.

By: */s/ Noe J. Rincon*
Noe J. Rincon, State Bar No. 1124893
Carrie S. Werle, State Bar No. 1088715
Attorneys for Defendants-Appellees
Krekeler Law, SC
26 Schroeder Court, Suite 300
Madison, WI 53711
608-258-8555

**CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the type-volume limit of Fed. R. Bankr. P. Rule 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P 8015(g) this document contains 7,378 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Time New Roman font.

Dated this 25th day of August 2023.

By: */s/ Noe J. Rincon*
    Noe J. Rincon, State Bar No. 1124893
    Carrie S. Werle, State Bar No. 1088715
    Attorneys for Defendants-Appellees
    Krekeler Law, SC
    26 Schroeder Court, Suite 300
    Madison, WI 53711
    608-258-8555